## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TRIJICON, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 22-00040 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Trijicon, Inc. ("Trijicon"), by and through its counsel, alleges and states as follows:

## CAUSE OF ACTION

1. Trijicon challenges U.S. Customs and Border Protection ("CBP")'s denial of Trijicon's protest number 230421102337. Trijicon contests CBP's classification of certain tritium sight inserts imported by Trijicon.

## JURISDICTION

2. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

## THE PARTIES AND STANDING

3. Trijicon was founded in 1981 and is headquartered in Wixom, Michigan. Trijicon is an industry-leading American manufacturer of firearm aiming systems across a range of applications, including military, hunting, and personal protection. Trijicon is the importer of record of the merchandise that is the subject of this action.

4. The United States is the federal Defendant. CBP is a federal agency of the United States.

5. On October 12, 2021, Trijicon timely filed the underlying protest that gives rise to this action. *See* 19 U.S.C. § 1514. Because Trijicon is the party that filed the protest, it has standing to bring this action under 28 U.S.C. § 2631(a).

6. On October 27, 2021, the United States, through CBP, denied Trijicon's protest pursuant to 19 U.S.C. § 1515(a).

7. Trijicon has paid all liquidated duties and interest prior to commencement of this action.

## DESCRIPTION OF THE MERCHANDISE INVOLVED

8. Imported "tritium sight inserts" are the subject of this action. Tritium sight inserts are very small self-contained devices (0.25-0.40 inches across), and they are intended for incorporation into firearm sights and riflescopes to serve as an aiming aid. The tritium sight insert assemblies come in one of two primary configurations: cylindrical tritium sight inserts used in iron sights and rectangular tritium sight inserts used in riflescopes.

9. Trijicon's iron sights are composed of two iron blocks: (i) a front sight comprising a single elevated post mounted at the center of the firing end of the barrel, and (ii) a rear sight shaped in a "U" and mounted toward the rear of the barrel. When aiming, the shooter aligns the two blocks such that the front sight's post appears at the center of the rear sight's "U."

10. Aligning the front and rear sights can be difficult or impossible at night or in low-light conditions. Trijicon's sights solve this problem via use of the tritium apparatus at issue.

11. At its heart, this apparatus features gaseous tritium, contained within a phosphor-coated, sealed glass tube. The tritium emits beta radiation within the tube, which in turn activates

the phosphor and permits it to be visible in the dark, even in the absence of an external power source.

12.     The glowing glass tube is further encased in a metal housing.  A crystal cap abuts the end of the tube, and protects the glass tube within the apparatus.  It is made of crystal instead of metal to permit the glowing beta-activated phosphor within the housing to remain visible to the user of the firearm.

13.     The phosphor activated by the tritium's beta radiation is visible to the user of the firearm as a relatively dim dot (often green or blue, but also other colors, depending on the phosphor used).  At night the phosphor appears integral with the sight, and takes the place of the painted dot visible during daylight.

14.     Below is a labeled image of Trijicon's cylindrical tritium sight insert and an iron sight that was provided to CBP:



15. Trijicon's iron sights contain tritium sight inserts at the center of the front sight post and at two points along the "U" of the rear sight, with the crystal cap visible to the person looking down the sight of the firearm.

16. The yellow or green tritium sight insert is warranted to glow for twelve years from date of original manufacture, without need for further intervention; orange tritium sight inserts are warranted for five years.

17. If the tritium sight inserts were to be removed from the iron sights, the iron sights would still function for their intended purpose of aiming the firearm; the user would simply lose the unique advantage provided by the tritium sight inserts of being able to aim effectively in low-light situations.

18. In addition to its iron sights, Trijicon assembles riflescopes that can be used in conjunction with the rectangular tritium sight inserts.

19. Like many conventional riflescopes, Trijicon's riflescope products are optionally mounted atop the firearm and feature various reticle patterns in the center of the riflescope's visual field that assist the user with aiming, *e.g.*, dot, crosshair, post, chevron.

20. Trijicon's magnified riflescope and non-magnified "reflex sight" product lines include scopes designed to be used in no- or low-light conditions. Under such conditions, if installed, Trijicon's unique tritium sight inserts are a feature that can greatly facilitate aiming, as with the iron sights, by providing the user with a glowing alignment aide.

21. As imported, the rectangular tritium sight insert used in riflescopes features the same key components and the apparatuses' components interact in the same manner as the cylindrical version used in iron sights.

22. In other respects not material to the classification dispute at issue, the rectangular tritium sight insert differs somewhat from the cylindrical insert: the shape of the inserts is different, the rectangular insert undergoes further processing compared to the cylindrical insert, and the cylindrical insert includes a metal casing and crystal cap not present with the rectangular insert.

23. Below is a labeled image of Trijicon's rectangular tritium sight insert and a riflescope that was provided to CBP:



1 Cross-section shown

24. The expected lifespan of the rectangular tritium sight insert used in riflescopes is longer than that of the cylindrical insert. The rectangular insert is warranted to glow for ten to fifteen years (depending on the precise configuration) from date of original manufacture, without need for further intervention.

25. In both of the primary configurations, the tritium sight inserts are comprised of tritium gas, a glass ampule, and an interior phosphor coating. The tritium gas emits beta radiation within the ampule, which in turn activates the phosphor coating within the glass ampule, providing

users with a glowing alignment aide. Trijicon's unique tritium inserts can therefore greatly facilitate aiming, if installed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

26. On December 13, 2018, Trijicon requested internal advice from CBP ("Internal Advice Request") with respect to the proper classification of the tritium sight inserts at issue under the Harmonized Tariff Schedule of the United States ("HTSUS").

27. In the Internal Advice Request, Trijicon respectfully submitted that the tritium sight inserts should be entered duty-free under subheading 9022.29.8000 HTSUS as an "Apparatus based on the use of alpha, beta, or gamma radiations, whether or not for medical, surgical, dental or veterinary uses, including radiography or radiotherapy apparatus."

28. While the Internal Advice Request was pending, Trijicon entered tritium sight inserts into the United States on January 16, 2019, February 1, 2019, February 12, 2019, February 22, 2019, February 27, 2019, and March 4, 2019, under entry numbers, KB500761311, KB500763119, KB500764935, KB500765734, KB500766351, and KB500767136 ("Original Entries"), respectively.

29. Trijicon flagged the Original Entries for reconciliation at the time of entry with respect to classification pursuant to 19 U.S.C. § 1401(s), thereby creating a period of time during which Trijicon could reconcile classification of the flagged entries. Trijicon utilized the reconciliation process because CBP had not yet responded to Trijicon's Internal Advice Request regarding the proper classification of the tritium sight inserts.

30. Because they were flagged for reconciliation with respect to classification, the Original Entries liquidated as to all issues except classification on the following schedule: KB500761311 (December 13, 2019), KB500763119 (December 27, 2019), KB500764935

6

(January 10, 2020), KB500765734 (January 17, 2020), KB500766351 (January 24, 2020), and KB500767136 (January 24, 2020). These entries did not liquidate as to classification until liquidation of the reconciliation entry, as detailed below.

31. On July 13, 2020, CBP requested additional information about the tritium sight inserts in conjunction with the Internal Advice Request. CBP sought invoices for the tritium sight inserts; descriptive, illustrative, and technical literature for the inserts such as "technical drawings and schematics" and "product brochures"; and information about the different models at issue. Trijicon fully responded to CBP's request for additional information on July 27, 2020, and CBP never asked Trijicon for additional information.

32. On August 17, 2020, CBP issued ruling HQ H307905 in response to the Internal Advice Request. CBP determined that subheading 9405.50.40 HTSUS is the proper classification of the tritium sight inserts. *See* **Exhibit 1**. Subheading 9405.50.40 HTSUS carries a duty rate of 6% and covers "Lamps and lighting fittings including searchlights and spotlights and parts thereof, not elsewhere specified or included; illuminated signs, illuminated nameplates and the like, having a permanently fixed light source, and parts thereof not elsewhere specified or included: Non-electrical lamps and lighting fittings: Other: Other."

33. In HQ H307905, CBP concluded that the subject tritium sight inserts constitute lamps because they are a source of light, serving to "illuminate an aiming point in low-light conditions." *See id.* at 6.

34. CBP rejected Trijicon's proposed classification of the tritium sight inserts under subheading 9022.29.8000 HTSUS. According to CBP, that subheading "does not describe the products entirely" as it is the "glowing colored phosphor that provides visibility to the user of the

firearm as an alignment aide at night or in low-light conditions" and that such is "the whole purpose of installing the sight inserts in the iron sight block and riflescope assembly." *See id.* at 7 n.6.

35. Because the reconciliation period was set to expire, Trijicon filed a no-change reconciliation for the Original Entries on October 27, 2020. Trijicon filed a so-called "no-change" given it had not yet received the ruling in response to its Internal Advice Request, which unbeknownst to Trijicon had been issued on August 17, 2020.

36. Reconciliation Entry No. 637-0639215-4 was created upon Trijicon's no-change reconciliation filing. CBP's Automated Commercial Environment ("ACE") system listed November 10, 2020, as the entry date for the "no-change" reconciliation entry.

37. Trijicon requested that Reconciliation Entry No. 637-0639215-4 be placed into reject status on February 10, 2021, after it received HQ H307905. Placing the reconciliation entry into reject status permitted Trijicon to refile the entry as classified by CBP in HQ H307905.

38. On February 18, 2021, CBP granted Trijicon's request to place the entry into reject status, and that same day, Trijicon refiled Reconciliation Entry No. 637-0639215-4 under subheading 9405.50.4000 HTSUS at a duty rate of 6%.

39. On February 26, 2021, Trijicon rendered the full amount of general duties and interest owed due to the amended classification.

40. On March 1, 2021, Trijicon requested accelerated liquidation for Reconciliation Entry No. 637-0639215-4 to expedite Trijicon's ability to protest the classification issue. Reconciliation Entry No. 637-0639215-4 subsequently liquidated on April 30, 2021.

41. On October 12, 2021, Trijicon timely protested the liquidation of Reconciliation Entry No. 637-0639215-4 due to the incorrect classification of the tritium sight inserts under

subheading 9405.50.4000 HTSUS at a duty rate of 6%. Trijicon argued that HQ H307905, pursuant to which the entered goods were classified, is legally and factually erroneous.

42. Trijicon instead maintained that its tritium sight inserts are covered by subheading 9022.29.8000 HTSUS under General Rule of Interpretation ("GRI") 1, or in the alternative, under GRI 3. Trijicon also explained that CBP erroneously rejected classification under Heading 9022 because judicial precedent and CBP's own prior cases did not support its conclusions that Heading 9022 must capture "entirely" the tritium sight inserts' characteristics or that classification is governed by the tritium sight inserts' "whole purpose."

43. On October 27, 2021, CBP denied Trijicon's protest. CBP explained that "{r}uling on tritium sight inserts has already been decided at HQ level" and cited to its Internal Advice Ruling in HQ H307905.

44. CBP also stated, without further explanation, that the "following entries {are} denied because untimely filed . . . KB500761311 KB500763119 KB500764935 KB500765734 KB500766351," citing to five out of six of the Original Entries but not entry KB500767136. CBP's finding of untimeliness applied only to the underlying Original Entries, but did not apply to Trijicon's protest of the classification decision for Reconciliation Entry No. 637-0639215-4.

45. On February 9, 2022, Trijicon timely commenced this action by filing a summons in this Court.

## COUNT ONE

**Classification of Tritium Sight Inserts Under 9022.29.8000 HTSUS Pursuant to GRI 1**

46. Paragraphs 1 through 45 of this Complaint are incorporated by reference.

47. GRI 1 provides that "classification shall be determined according to the terms of the headings and any relative section or chapter notes." GRI 1 dictates that Trijicon's tritium sight

inserts are properly classified under subheading 9022.29.8000 HTSUS. Heading 9022 covers "Apparatus based on the use of . . . beta . . . radiation{}, whether or not for medical, surgical, dental, or veterinary uses, . . . ; parts and accessories thereof."

48. The tritium sight inserts constitute an "apparatus" because they are a set of materials, including the tritium gas, a glass ampule, and an interior phosphor coating.

49. Moreover, the insert is based on the use of beta radiation. The tritium gas in the inserts emits beta radiation and activates the phosphor to produce a glowing effect. Without the beta radiation persistently emitted by the tritium gas within the glass ampule, the sight inserts would serve no function because the insert cannot otherwise create the requisite glowing effect for the insert to act as an aiming alignment aid. As the tritium decays, the device begins to lose its functionality.

50. The end use of the tritium sight inserts – *i.e.*, that they provide an illuminated low light aiming aid – is not relevant to classification under Heading 9022 because this heading applies to apparatuses based on the use of beta radiation "whether or not" they are employed for a particular end use. The fact of their being a functional apparatus, which is based on the use of beta radiation, negates the need to evaluate what function the apparatus based on beta radiation in turn performs.

51. Within Heading 9022 and pursuant to GRI 6, Trijicon's tritium sight inserts are properly classified under 9022.29.8000, which further covers "Apparatus based on the use of . . . beta . . . radiation{}, . . . : For other uses: Other."

52. GRI 1 further dictates that Trijicon's tritium sight inserts are not classifiable under subheading 9405.50.4000 HTSUS, contrary to CBP's determination in HQ H307905. Heading 9405 covers "Lamps and lighting fittings including searchlights and spotlights and parts thereof,

*not elsewhere specified or included*" (emphasis added).  Because the tritium sight inserts are classifiable under Heading 9022, the "not elsewhere specified or included" language in Heading 9405 establishes the inserts are not prima facie classifiable under Heading 9405.

### COUNT TWO

### Classification of Tritium Sight Inserts Under 9022.29.8000 HTSUS Pursuant to GRI 3 (in the alternative)

53.   Paragraphs 1 through 52 of this Complaint are incorporated by reference.

54.   When goods are prima facie classifiable under two or more headings, GRI 3 provides that goods shall be classified under the "heading which provides the most specific description" as opposed to a more general heading.

55.   If GRI 1 is determined to not resolve the classification dispute (despite Trijicon having alleged and demonstrated *supra* that it does), GRI 3 would *arguendo* require classification of Trijicon's tritium sight inserts under subheading 9022.29.80000 HTSUS.  Heading 9022 is more specific than CBP's proposed Heading 9405.  This is the case because, for example, Heading 9022's requirements are more difficult to satisfy than Heading 9405's general catch-all provision for lamps and lighting fittings, and Heading 9022 describes the article with the greatest degree of accuracy and certainty.

56.   Within Heading 9022 and pursuant to GRI 6, Trijicon's tritium sight inserts are properly classified under 9022.29.8000, which further covers "Apparatus based on the use of . . . beta . . . radiation{}, . . . :  For other uses:  Other."

11

**PRAYER FOR RELIEF**

For the reasons stated above, Trijicon respectfully requests that this Court:

1. Grant judgment in its favor holding that the imported merchandise is properly classifiable under subheading 9022.29.8000 HTSUS;

2. Declare that CBP unlawfully classified and assigned an erroneous duty rate for the imported merchandise in its Internal Advice Ruling at HQ H307905, and direct CBP to rescind the classification determination made in HQ H307905 in favor of the Court's decision in this case;

3. Order reliquidation of the entries covered by this civil action with a refund of duties plus interest as provided by law; and

4. Grant such other or further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Alexander D. Chinoy*
Alexander D. Chinoy
Victor D. Ban
Rishi R. Gupta
Cynthia C. Galvez

Dated: May 31, 2022

**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street, NW
Washington, D.C. 20001

*Counsel to Trijicon, Inc.*