UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| TRIJICON, INC., | |
|         Plaintiff, | |
|     v. | Court No. 22-00040 |
| UNITED STATES, | |
|         Defendant. | |

# DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

*Of Counsel:*
Michael A. Anderson
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: December 28, 2023

*Attorneys for Defendant*

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................3

    I.    Heading 9405 Is An *Eo Nomine* Provision That Covers All Forms Of "Lamps," Including Trijicon's Tritium Lamps ..................................................................3

        A.    *Gerson Co.* And *Pomeroy Collection* Are Not Limited To Their Facts ......4

        B.    Explanatory Note 94.05(I) Includes Trijicon's "Specialised Lamps" .........4

        C.    Customs' Glowsticks Rulings Are Nonbinding And Inapposite .................5

        D.    Trijicon Consistently Calls Its Merchandise "Lamps" Because They Are "Lamps" As That Term Is Commonly And Commercially Understood .....5

    II.    Heading 9022's Description Of "Apparatus" Does Not Cover Trijicon's Tritium Lamps, Which Are Neither "Complex Devices" Nor Collective Tools Or Equipment For A Particular Use ..................................................................9

        A.    That The Court In *Gerson Co.* Classified More Complex Lamps As "Lamps" Rather Than "Apparatus" Reinforces The Government's Interpretation ................................................................................................9

        B.    Trijicon Misunderstands The Word "Materials" In Its Preferred Definition Of "Apparatus"—"Materials" Means Tools Or Equipment, Not Basic Matter ..........................................................................................................10

        C.    Trijicon's Tritium Lamps Are Not "Complex Devices Or Machines," As Explanatory Note 90.22(II) Confirms ........................................................11

        D.    Explanatory Note 90.22(II)'s Reference To "Radiations" Passing Through An Aperture Means Ionizing Radiation, Not Just Any Visible Light, And Thus Does Not Describe Trijicon's Lamps ...............................................12

CONCLUSION .............................................................................................................13

## **TABLE OF AUTHORITIES**

**Cases**

*Carl Zeiss, Inc. v. United States*,
　195 F.3d 1375 (Fed. Cir. 1999) ................................................................................. 3, 4, 8

*Gerson Co. v. United States*,
　898 F.3d 1232 (Fed. Cir. 2018) ................................................................................... passim

*GRK Canada, Ltd. v. United States*,
　761 F.3d 1354 (Fed. Cir. 2014) ..................................................................................... 7, 8

*H.I.M./Fathom, Inc. v. United States*,
　981 F. Supp. 610 (Ct. Int'l Trade 1997) ........................................................................... 5

*IKO Indus., Ltd. v. United States*,
　105 F.3d 624 (Fed. Cir. 1997) ........................................................................................... 5

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
　572 U.S. 898 (2014) ........................................................................................................... 6

*Pomeroy Collection, Ltd. v. United States*,
　559 F. Supp. 2d 1374 (Ct. Int'l Trade 2008) .................................................................... 4

*Railtech Boutet, Inc. v. United States*,
　27 C.I.T. 1023 (Ct. Int'l Trade 2003) ............................................................................... 4

*Rainin Instrument Co., Inc. v. United States*,
　288 F. Supp. 2d 1360 (Ct. Int'l Trade 2003) ................................................................ 7, 8

*Timber Prods. Co. v. United States*,
　515 F.3d 1213 (Fed. Cir. 2008) ..................................................................................... 4, 8

**Harmonized Tariff Schedule of the United States**

Heading 3824 ........................................................................................................................ 5

Heading 8543 ........................................................................................................................ 9

Heading 9022 ......................................................................................................... 2, 9, 10, 13

　　Subheading 9022.29.80 ................................................................................................ 1

Heading 9405 ................................................................................................................ passim

　　Subheading 9405.50.40 ................................................................................................ 1

**Other Authorities**

*Colloquial*, Dictionary.com, https://www.dictionary.com/browse/colloquial ............................... 7

Explanatory Note 90.22(II) ................................................................................................. passim

Explanatory Note 94.05(I) ................................................................................................... passim

*Patent Public Search*, U.S. Patent & Trademark Office,
 https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html ............................................ 7

R. E. Ellefson, *High-Pressure Bulk-Phosphor Tritium Lamps* 8-1 (1990), available at
 https://www.osti.gov/servlets/purl/6381596 ........................................................................... 7

Search Results for "Gaseous Tritium Light Source" on Trijicon.com,
 Google (Dec. 28, 2023) [perma.cc/9VY7-7WS8] ........................................................................ 6

Search Results for "GTLS" on Trijicon.com,
 Google (Dec. 28, 2023) [perma.cc/UD9X-MXN7] ........................................................................ 6

Search Results for "Sight Insert" on Trijicon.com,
 Google (Dec. 28, 2023) [perma.cc/9266-KBNL] ........................................................................ 6

Search Results for "Tritium Lamp" on Trijicon.com,
 Google (Dec. 28, 2023) [perma.cc/K9WZ-A668] ........................................................................ 6

U.S. Patent No. 11,340,041 ................................................................................................... 6

U.S. Patent No. 11,614,225 ................................................................................................... 6

U.S. Patent No. 11,761,816 ................................................................................................... 6

U.S. Patent No. 11,796,284 ................................................................................................... 6

U.S. Patent No. 8,677,674 ..................................................................................................... 7

U.S. Patent No. 8,915,008 ..................................................................................................... 6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| TRIJICON, INC., | : |
| Plaintiff, | : |
| v. | : Court No. 22-00040 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
CROSS-MOTION FOR SUMMARY JUDGMENT**

The question presented is whether the imported tritium lamps are properly classified as: "Lamps and lighting fittings including searchlights and spotlights and parts thereof, not elsewhere specified or included: Non-electrical lamps and lighting fittings: Other" of subheading 9405.50.40, HTSUS; or "Apparatus based on the use of X-rays or of alpha, beta or gamma radiations, whether or not for medical, surgical, dental or veterinary uses, including radiography or radiotherapy apparatus, X-ray tubes and other X-ray generators, high tension generators, control panels and desks, screens, examination or treatment tables, chairs and the like; parts and accessories thereof: Apparatus based on the use of alpha, beta or gamma radiations, whether or not for medical, surgical, dental or veterinary uses, including radiography or radiotherapy apparatus: For other uses: Other" of subheading 9022.29.80, HTSUS.[1]

---

[1] The Government's cross-motion for summary judgment inadvertently quoted a later version of heading 9022 ("Apparatus based on the use of X-rays or of alpha, beta, gamma or other ionizing radiations") rather than the version in effect at the time of entry ("Apparatus based on the use of X-rays or of alpha, beta or gamma radiations"). *See* Gov't Br. at 2, 7, 8, 13, 19. We apologize for the error.

Plaintiff Trijicon, Inc. has called the subject merchandise many things in this litigation. But in its communications that occurred pre-litigation with its supplier, workers, customers, and chief regulator; on its website; and in its many patents, Trijicon consistently describes its merchandise as "lamps." Trijicon is accurate in this description. As the Government explained in its cross-motion for summary judgment, the merchandise produces light, similar to how a fluorescent lamp does, using an energy source and a phosphor that coats a glass tube. *See* ECF No. 31 (Gov't Br.). These "[s]pecialised" tritium lamps are thus "lamps" of heading 9405, regardless of the "material" of which they are comprised and the "source of light" they employ. Explanatory Note 94.05(I).

In arguing that its merchandise is instead an "[a]pparatus based on the use of … alpha, beta or gamma radiations" of heading 9022, Trijicon downplays its use of the word "lamp" and caselaw from the Court of Appeals that rejected classifying more complex LED lamps as "apparatus" rather than "lamps." *See* ECF No. 36 (Resp. Br.). Instead, Trijicon advances non-binding analysis from administrative proceedings, irrelevant rulings classifying glowsticks, and a "hyper-technical" understanding of "apparatus," *Gerson Co. v. United States*, 898 F.3d 1232, 1236 (Fed. Cir. 2018), that is divorced from the context of heading 9022 and its Explanatory Note. For the reasons explained in the Government's cross-motion for summary judgment and below, Trijicon's tritium lamps do not meet heading 9022's description of "apparatus," which refers not to lamps but to complex devices and machines that employ a beam of radiation to check, measure, irradiate, or detect foreign substances. Explanatory Note 90.22(II). The subject merchandise is thus properly classified as a "lamp[]" of heading 9405 "not elsewhere specified or included."

2

**ARGUMENT**

I. **Heading 9405 Is An *Eo Nomine* Provision That Covers All Forms Of "Lamps," Including Trijicon's Tritium Lamps**

Trijicon argues that "the term 'lamp' as used in Heading 9405 does not encompass the subject merchandise." Resp. Br. at 2. This argument is not premised on the common meaning of "lamp," nor does Trijicon proffer an alternative definition. Rather, in arguing that the word "lamp" does not include tritium lamps, Trijicon focuses on minor distinctions in the case law, portions of Explanatory Note 94.05(I), the classification of glowsticks, and words that Trijicon could (but does not) use to describe the subject merchandise. *See* Resp. Br. at 2–15. Trijicon's argument fails because even specialized lamps like the tritium lamps at issue are "lamps" of heading 9405, an *eo nomine* provision.

To begin, "an *eo nomine* classification provision … describes the merchandise by name, not by use." *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999). The parties agree that heading 9405 is an *eo nomine* provision. Resp. Br. at 14. The *eo nomine* term "lamps" in heading 9405 thus "include[s] all forms of the named article" that are "not elsewhere specified or included" in the HTSUS. *Carl Zeiss, Inc.*, 195 F.3d at 1379. And the common meaning of lamp is "any of various devices for producing light or heat," "constituted of any material," using "any source of light." Gov't Br. at 9–10 (citations omitted). To the extent Trijicon argues that the tariff term "lamps" should instead be given a different commercial meaning that avoids its tritium lamps, it falls on Trijicon to establish the legal criteria for a commercial designation. Specifically, Trijicon would have to show that the word "lamps" has a nationally consistent, "well-known signification in trade and commerce that is different from its common meaning"—and that its tritium lamps somehow have "a separate 'commercial identity.'" *Carl Zeiss, Inc.*, 195 F.3d at 1379–80; *see Timber Prods. Co. v. United States*, 515

3

F.3d 1213, 1221–23 (Fed. Cir. 2008) (a "commercial designation" must be "uniform" and "definite"). Trijicon would also have to show this commercial designation with more than the design, marketing, and use of its lamps. *Carl Zeiss, Inc.*, 195 F.3d at 1379–80. But nowhere in its response does Trijicon explain how the commercial meaning of "lamps" differs from its common meaning, nor does Trijicon explain how either the commercial meaning or common meaning of the word "lamps" fails to describe its tritium lamps. *See* Resp. Br. at 2–15. Instead, it raises a number of collateral arguments, none of which is persuasive.

### A. *Gerson Co.* And *Pomeroy Collection* Are Not Limited To Their Facts

Trijicon first argues that *Gerson Co. v. United States*, 898 F.3d 1232 (Fed. Cir. 2018), and *Pomeroy Collection, Ltd. v. United States*, 559 F. Supp. 2d 1374 (Ct. Int'l Trade 2008), are distinguishable because they involved different products and competing headings. *See id.* at 2–5. These distinctions, however, are without a difference. The Court's plain-language interpretation of heading 9405 in *Pomeroy Collection*, together with the Court of Appeal's reasoning distinguishing "lamps" from "apparatus" in *Gerson Co.*, as those terms are used in the HTSUS, are what dispose of Trijicon's arguments. *See* Gov't Br. at 9–16. *Pomeroy Collection* and *Gerson Co.* did not limit their interpretations of heading terms to specific products. *See Railtech Boutet, Inc. v. United States*, 27 C.I.T. 1023, 1031 (Ct. Int'l Trade 2003) ("[W]here the same word or phrase is used in different parts of the same statute, it will be presumed, in the absence of any clear indication of a contrary intent to be used in the same sense throughout the statute." (citation omitted)).

### B. Explanatory Note 94.05(I) Includes Trijicon's "Specialised Lamps"

Trijicon next turns to Explanatory Note 94.05(I), suggesting that its lamps "are not specifically provided for" there, Resp. Br. at 5–7, but this too fails to establish the atextual

4

limitation on the word "lamps" that Trijicon seeks. An Explanatory Note need not name merchandise for it to be classified under its corresponding heading, though exemplars are informative. *IKO Indus., Ltd. v. United States*, 105 F.3d 624, 627–28 (Fed. Cir. 1997). Here, Explanatory Note 94.05(I) explicitly covers lamps of "any material" using "any source of light" (even "gas"), and includes "[s]pecialised lamps" such as separately imported "machine lamps." Trijicon agrees that its lamps are specialized, Resp. Br. at 19, given that they are designed for use in devices like gunsights, watches, and compasses. Thus, the Explanatory Note does encompass Trijicon's merchandise, whether outright or by interpretation.

### C. Customs' Glowsticks Rulings Are Nonbinding And Inapposite

Trijicon emphasizes Customs' rulings classifying glowsticks as "chemical products and preparations of the chemical or allied industries … not elsewhere specified or included" of heading 3824, Resp. Br. at 8–11, but it is unclear how these rulings, which did not consider classification under either of the headings at issue and do not bind this Court, relate to this case. Unlike Trijicon's tritium lamps, glowsticks are not commonly known as "lamps." And, as Trijicon notes, heading 3824's Explanatory Note specifically includes glowsticks. An Explanatory Note undoubtedly is persuasive when it "specifically include[s] or exclude[s] an item from a tariff heading." *H.I.M./Fathom, Inc. v. United States*, 981 F. Supp. 610, 613 (Ct. Int'l Trade 1997).

### D. Trijicon Consistently Calls Its Merchandise "Lamps" Because They Are "Lamps" As That Term Is Commonly And Commercially Understood

Finally, Trijicon claims that it uses the word "lamp" only as a "shorthand reference," emphasizes that other words can describe its merchandise, and suggests in the alternative that what it calls its merchandise should not bear on classification. *See* Resp. Br. at 11–14. But, as we already explained, "tritium lamp" is the phrase that Trijicon uses to describe the subject

5

merchandise. Government Exhibit 1, ECF No. 31-2 (Koesler Dep.) at 168:14–169:14. Trijicon, in its communications with its supplier, its workers, its customers, and the United States Nuclear Regulatory Commission, refers to the subject merchandise as "lamps." Gov't Exs. 2–5. Far from being a "shorthand term" used in only "some record documents," Resp. Br. at 13, Trijicon's use of the phrase "tritium lamp" abounds. Google catalogs over 1,000 references to the term on Trijicon's website—unlike the terms "sight insert," "gaseous tritium light source," and "GTLS," which, from our review, do not appear. *Compare* Search Results for "Tritium Lamp" on Trijicon.com, Google (Dec. 28, 2023) [perma.cc/K9WZ-A668] (1,040 results), *with* Search Results for "Sight Insert" on Trijicon.com, Google (Dec. 28, 2023) [perma.cc/9266-KBNL] (no results), Search Results for "Gaseous Tritium Light Source" on Trijicon.com, Google (Dec. 28, 2023) [perma.cc/9VY7-7WS8] (same), *and* Search Results for "GTLS" on Trijicon.com, Google (Dec. 28, 2023) [perma.cc/UD9X-MXN7] (same).

Trijicon's patents also belie its suggestion that "lamp" is just a "colloquial" "shorthand" for the subject merchandise. Resp. Br. at 11–13. Patents "must be precise enough" for "those skilled in the relevant art" to understand them. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909 (2014). And Trijicon's patents consistently use the phrase "tritium lamp" to describe the light sources that illuminate Trijicon's gunsights. *See, e.g.*, U.S. Patent No. 11,796,284 col. 13 l. 5–7 ("The light source may include a laser, a light-emitting diode (LED), a fiber optic, a tritium lamp, another suitable device configured to emit light, or a combination of these."); U.S. Patent No. 11,761,816 col. 13 l. 5–7 (same); U.S. Patent No. 11,614,225 col. 13 l. 5–7 (same); U.S. Patent No. 11,340,041 col. 2 l. 23–24 ("In at least one example embodiment, the artificial light source is a tritium lamp."); U.S. Patent No. 8,915,008 col. 4 l. 9–12 ("The reticle may be a fixed-position reticle and may be illuminated via at least one of an optical fiber,

light-emitting diode (LED), or Tritium lamp …."); U.S. Patent No. 8,677,674 col. 5 l. 26–29 ("Each tritium lamp may include an outer tube, an inner tube, a gaseous tritium source, a sapphire lens, and a plug that seals the outer tube."); *see Patent Public Search*, U.S. Patent & Trademark Office, https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html.

It is not just Trijicon that uses the phrase, either. Even in technical or scientific contexts, "tritium lamp" has long been used to describe merchandise like Trijicon's. *See, e.g.*, R. E. Ellefson, *High-Pressure Bulk-Phosphor Tritium Lamps* 8-1 (1990), available at https://www.osti.gov/servlets/purl/6381596 ("One of the goals of Department of Energy research on radioluminous lighting is to increase the brightness of tritium lamps. A standard tritium lamp consists of a glass tube with inside surface coated with phosphor and filled with tritium."). Thus, while it is true that there are alternative names for at least some of the subject merchandise (like "gaseous tritium light sources" or "tactical inserts"), "tritium lamp" is in reality the "commonly used," "most specific name" for Trijicon's merchandise, Resp. Br. at 12 (citation omitted), as its own documents, website, and patents show.

Regardless, Trijicon fails to explain how the existence of these other names (particularly "gaseous tritium light source," which appears to be synonymous with "tritium lamp") means that its tritium lamps are not "lamps" as heading 9405 uses the term. It instead argues that "a name that *sometimes* refers to the articles in colloquial usage does not determine how the article is classified." Resp. Br. at 13 (citing *Rainin Instrument Co., Inc. v. United States*, 288 F. Supp. 2d 1360, 1366 (Ct. Int'l Trade 2003); *GRK Canada, Ltd. v. United States*, 761 F.3d 1354, 1361 (Fed. Cir. 2014)). Again, this argument lacks a compelling basis as Trijicon frequently calls its merchandise a tritium lamp. Nor does Trijicon explain how usage "characteristic of … ordinary … conversation," *Colloquial*, Dictionary.com, https://www.dictionary.com/browse/colloquial,

7

differs from common meaning. The cases cited by Trijicon, moreover, involve provisions that were limited by use, unlike heading 9405, which is not so limited.

But, even taking it at face value, Trijicon's argument supports classifying the merchandise as lamps. The Court in *Rainin Instrument Co.* held that a provision for "pumps" was not *limited* to articles called pumps, but rather, included devices for "continuously displacing" liquid, which the Court interpreted in line with an Explanatory Note. 288 F. Supp. 2d at 1366. Thus, under Trijicon's own theory, even if the subject merchandise were not called a "lamp" (which it is), it would nevertheless be what heading 9405 considers a "lamp," especially due to its specialized use in illuminating gunsights and other devices. Gov't Br. at 10 (explaining that light sources within gunsights are still known as "lamps"); Explanatory Note 94.05(I) (specifically including "[s]pecialised lamps"); *see GRK Canada, Ltd.*, 761 F.3d at 1361 (explaining that an article's use can be relevant to classification under certain *eo nomine* provisions that suggest a kind of use).

Ultimately, Trijicon claims that the term "lamps" should not include radiation-powered lamps for specialized uses—despite the plain language of heading 9405 omitting any limitation on use or power source and the inclusion of "[s]pecialised lamps" of "any material" using "any source of light" in the corresponding Explanatory Note. To overcome the plain meaning of "lamps," Trijicon would have to establish a commercial designation for the term. In other words, it must show, with more evidence than its merchandise's "design[]" and "use[,]" that the term "lamps" has a uniform and definite commercial designation just narrow enough to exclude its merchandise. *Carl Zeiss, Inc.*, 195 F.3d at 1379–80; *Timber Prods. Co.*, 515 F.3d at 1221–23. It has not done so. Trijicon's merchandise therefore meets heading 9405's *eo nomine* description of "lamps," despite Trijicon's arguments otherwise.

## II. Heading 9022's Description Of "Apparatus" Does Not Cover Trijicon's Tritium Lamps, Which Are Neither "Complex Devices" Nor Collective Tools Or Equipment For A Particular Use

Heading 9022 covers "Apparatus based on the use of X-rays or of alpha, beta, or gamma radiations, whether or not for medical, surgical, dental or veterinary uses, including radiography or radiotherapy apparatus, X-ray tubes and other X-ray generators, high tension generators, control panels and desks, screens, examination or treatment tables, chairs and the like[.]"  An "apparatus" is not something like an LED lamp but rather a "complex device or machine for a specific use," as the Federal Circuit explained in *Gerson Co.*  Gov't Br. at 14–16.  And an "apparatus based on the use of alpha, beta or gamma radiations" is a complex device or machine that beams radiation through an aperture to check, measure, irradiate, or detect something, as Explanatory Note 90.22(II) clarifies.  Gov't Br. at 18–20.  Trijicon's hermetically sealed tritium lamps, which simply illuminate, are thus not "apparatus" of heading 9022.  Trijicon attempts to challenge this conclusion, but as demonstrated below, none of its arguments are persuasive.

### A. That The Court In *Gerson Co.* Classified More Complex Lamps As "Lamps" Rather Than "Apparatus" Reinforces The Government's Interpretation

*First*, Trijicon says that the Government misunderstands *Gerson Co.* as "adopt[ing] a single definition for the term 'apparatus'" and "hold[ing] that a 'lamp' is not an 'apparatus.'"  Resp. Br. at 16–17 & n.4.  But this misunderstands the Government's argument and understates *Gerson Co.*'s relevance.  In classifying battery-powered LED candles as "lamps" of heading 9405, rather than electrical "apparatus" of heading 8543, *Gerson Co.* rejected a "hyper-technical" interpretation of "apparatus" that would have covered such lamps.  898 F.3d at 1236–37.  As explained, both *Gerson Co.*'s definition of "apparatus" and its reasoning, though not necessarily dispositive, support the Government's interpretation: even a battery-powered LED candle is not a "complex device or machine for a specific use," and Trijicon's interpretation

9

imposes an atextual limitation on the terms of heading 9405 despite its plain language covering lamps of "any material" using "any source of light." Gov't Br. at 15 (citing *Gerson Co.*, 898 F.3d at 1236–37). Accordingly, the holding in *Gerson Co.* shows that heading 9022, which likewise provides for "apparatus," does not describe illuminative articles like Trijicon's tritium lamps. *Accord* Explanatory Note 90.22(II) (describing the complex devices and machines that heading 9022 covers).

### B. Trijicon Misunderstands The Word "Materials" In Its Preferred Definition Of "Apparatus"—"Materials" Means Tools Or Equipment, Not Basic Matter

*Second*, Trijicon argues that the word "materials," as it appears in Trijicon's preferred definition of "apparatus" (a "set of materials for a particular use"), means anything with matter. *See* Resp. Br. at 17–19. Yet rather than contest the Government's point that one tritium lamp does not constitute "materials," or the collective tools or equipment used for a particular purpose, Gov't Br. at 16–18; *see Gerson Co.*, 898 F.3d at 1236 ("*equipment* designed specifically to carry out a particular function" (emphasis added)), Trijicon parses the Government's brief, cataloging each use of the word "materials." Resp. Br. at 18–19. But this parsing just shows that "materials" can mean different things, and here, it means tools or equipment, not the basic matter from which something is made. Such a broad interpretation would conflate "apparatus" with "article." Gov't Br. at 17–18. Trijicon's only response to that interpretation is that the phrase "particular use" imposes some limitation, Resp. Br. at 19–20 & n.8, but this overlooks both that collections of basic matter can have particular uses (for example, medicine) and that Trijicon's tritium lamps also have "numerous potential uses" outside of its gunsights. In short, Trijicon's

10

case rests on a misunderstanding of the word "materials" in its definition of "apparatus."[2]

### C. Trijicon's Tritium Lamps Are Not "Complex Devices Or Machines," As Explanatory Note 90.22(II) Confirms

*Third*, Trijicon argues that its merchandise meets *Gerson Co.*'s definition of "apparatus"—a "complex device or machine for a specific use"—but in doing so, strips that definition back down to Trijicon's "set-of-materials" definition. *See* Resp. Br. at 20–24. Specifically, Trijicon understands "complex" to mean anything "composed of two or more parts," consisting of "various parts united or connected together," or consisting of several "elements not simply co-ordinated …; complicated, involved, intricate; not easily analysed or disentangled." *Id.* at 21 (citations omitted). Thus, in Trijicon's estimation, because the subject merchandise has glass, tritium gas, and a phosphor coating (that is, more than one thing of matter), it must be complex. *See id.* at 22–24.

Again, Trijicon overlooks context. The full definition of "apparatus" that *Gerson Co.* applied is "any complex device or machine for a specific use." 898 F.3d at 1236. Devices and machines typically are comprised of multiple things connected together that cannot be separated. But not every device or machine is complex. Trijicon does not contend that a tritium lamp is a "machine," complex or simple. *See* Resp. Br. at 20–21. And a tritium lamp is not a "complex

---

[2] Trijicon also complains that the Government says both that "the term 'apparatus' should have the exact same meaning in every heading of the HTSUS" and that the word "materials" has multiple meanings. Resp. Br. at 18 n.7. That strawman is not the Government's argument, as Trijicon's own brief clarifies. *Id.* (citing Gov't Br. at 15 ("Although *Gerson Co.* interpreted the word 'apparatus' in heading 8543, rather than heading 9022, *its reasoning is still relevant* for the interpretation of the term as it appears in heading 9022." (emphasis added))). Moreover, "materials" is not the tariff term at issue; rather, the term is "apparatus." In any event, the Government's interpretation of "apparatus" is based on recent Federal Circuit precedent, the plain meaning of the HTSUS, and Explanatory Note 90.22(II). Trijicon's, meanwhile, stems from obsolete tariff schedules that explicitly distinguished between "apparatus" on the one hand and "illuminating articles" on the other. Gov't Br. at 16 & n.4.

device," either.  It is "simply co-ordinated," as tritium gas merely exists within the glass in proximity to a phosphor coating to produce light.  A tritium lamp is not "complicated" or "intricate," as it consists of a few things of basic matter that statically interact, and the lamp, which only emits light, cannot be turned on or off, dimmed, or brightened.  A tritium lamp is "easily analysed," given the few things it is made of and the natural phenomenon of radioluminescence it relies on.  Moreover, were there any doubt that tritium lamps are not "apparatus" of heading 9022, the Explanatory Note clarifies that the covered apparatus are complicated devices, consisting of much more than a "radioactive substance … placed in a container," that beams radiation to check, measure, irradiate, or detect a foreign substance.  Explanatory Note 90.22(II) (listing, for example, "ionisation anemometers" and "[f]ire alarms incorporating smoke detectors containing a radioactive substance").

### D. Explanatory Note 90.22(II)'s Reference To "Radiations" Passing Through An Aperture Means Ionizing Radiation, Not Just Any Visible Light, And Thus Does Not Describe Trijicon's Lamps

*Fourth*, and relatedly, Trijicon again attempts to shoehorn its merchandise into the description of covered apparatus from Explanatory Note 90.22(II).  Namely, Trijicon suggests that its merchandise meets the Explanatory Note's terms because the lamps incorporate "an aperture" that lets "*light* radiation" (that is, ordinary visible light) "pass in one direction."  Resp. Br. at 24–26 (emphasis added).  Trijicon is wrong.  For one, much of the merchandise emits light in all directions instead of one direction, as the pictures show.  Plaintiff's Exhibit 13, ECF No. 28-14 at 3, 12, 15, 30.  But more fundamentally, the Explanatory Note is talking about *ionizing* radiation passing through an aperture, not *light* radiation.  The Explanatory Note interprets a heading providing for apparatus based on the use of "*alpha, beta or gamma* radiations," listing four categories of covered apparatus that have nothing to do with "light radiation" or

12

illumination. Beta radiation, not light, must beam through an aperture within an apparatus of heading 9022. And, as Trijicon confirmed, its merchandise does not have an aperture through which beta radiation passes. Koesler Dep. at 110:10–16. Explanatory Note 90.22(II) thus does not describe Trijicon's merchandise—indeed, Trijicon does not contend that any of the four listed categories encompasses, or is even analogous to, the merchandise, Resp. Br. at 24–26.

In sum, Trijicon's tritium lamps are not "apparatus" of heading 9022 but rather "lamps" of heading 9405 "not elsewhere specified or included," as reliable lexicographic and scientific sources, *Gerson Co.*, and Explanatory Notes 94.05(I) and 90.22(II) confirm.

## CONCLUSION

For these reasons, the Court should grant the Government's cross-motion for summary judgment, deny Trijicon's motion for summary judgment, enter judgment in the Government's favor, and dismiss this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

*Of Counsel:*
Michael A. Anderson
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: December 28, 2023            *Attorneys for Defendant*


UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| TRIJICON, INC., | : |
| Plaintiff, | : |
| v. | : Court No. 22-00040 |
| UNITED STATES, | : |
| Defendant. | : |

**CERTIFICATE OF COMPLIANCE**

    I, LUKE MATHERS, a trial attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing reply in support of defendant's cross-motion for summary judgment, relying upon the word count feature of the word processing program used to prepare the reply, certify that this reply complies with type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 3,858 words.

                                                                          /s/ Luke Mathers
                                                                          LUKE MATHERS